The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a right-handed, 33 year old male. His parents operate a textile manufacturing business in Belhaven manufacturing ladies dresses and at age 13 plaintiff began working there as a janitor. Upon the same business opening a plant in Clinton plaintiff moved to Clinton and was working as a supervisor there when the operation was closed because of lack of business.
2. In January of 1988 plaintiff became employed as a warp dolfer in the Spinning Department of defendant-employer's textile manufacturing plant responsible for moving empty bobbins of yarn and replacing them with full ones requiring strenuous and repetitive use of his hands.
3. Approximately two years prior to seeking medical treatment in February of 1994 plaintiff developed the bilateral hand problems giving rise hereto manifested by pain and numbness in his hands, which were more severe in his non-dominant left hand. Despite the same symptoms plaintiff was able to continue his regular weekend warp dolfer's job until the time he sought medical treatment.
4. On February 8, 1994 plaintiff initially sought medical treatment for his bilateral hand problems from Dr. Robert J. Caudle, an orthopedic surgeon associated with Raleigh Orthopedic Clinic, who provided medication as well as wrist splints to wear and allowed him to continue his regular weekend dolfer's job. Because his symptoms had not improved, when plaintiff returned to Dr. Caudle for follow-up on February 22, 1994, Dr. Caudle recommended diagnostic EMG and nerve conduction studies, and referred him to one of the clinic's hand specialists, Dr. Jon W. Ark.
5. Plaintiff was seen by Dr. Ark on March 1, 1994, who suggested that he wear long arm splints. Although in order to better determine whether the involved symptoms were caused by his work, Dr. Ark recommended that plaintiff make a videotape of his work activities as well as provide a written job description of the dolfer's position.
6. In March of 1994 after he initially sought medical treatment for the bilateral hand problems that he had already begun developing two years earlier doing the weekend dolfer's job; that job was eliminated because the premises no longer did that type of work and plaintiff accepted another weekend job as an open-end operator initially working only two, twelve-hour shifts on the weekend until August of that year when he began alternately working three, twelve-shifts one week and four, twelve-hour shifts the next. The evidence shows that the open-end operator's job aggravated plaintiff's existing hand problems.
7. Plaintiff last worked for defendant-employer on April 17, 1995, at which time plaintiff was told by Dave Norris, the head supervisor, that there was no light duty work available for him at that time. He was instructed to return on Thursday, April 20, 1995. On this date plaintiff was told to report to work the next day after his appointment with Dr. Edwards, which was scheduled for 10:00 a.m. When plaintiff arrived at Dr. Edwards' office he was informed that his appointment was at 3:00 p.m. He called work and spoke with Roger Carson, his supervisor. Mr. Carson told plaintiff not to come in to work that day, but to come in on Tuesday, April 25, 1995. When plaintiff reported to work on this date he was informed by Kathy Elleres, the human resources manager, that no light duty work was available for him.
8. Because of his continued hand problems, plaintiff sought further medical treatment from Dr. George Edwards, an orthopedic surgeon specializing in hand problems, who saw him on two occasions, April 13, 1995 and May 1, 1995. Dr. Edwards found that plaintiff's job aggravated plaintiff's pre-existing condition.
9. Plaintiff suffers from bilateral carpal tunnel syndrome that was due in significant part to his employment as a warp dolfer for defendant-employer and his job there placed him at an increased risk of developing the same condition as compared to members of the general public and other employments at large. Plaintiff's testimony, and any other evidence would tend to establish that on or after he stopped working for defendant-employer in April of 1995 that the bilateral carpal tunnel syndrome that he suffers was incapacitating in whole or in part.
10. Plaintiff was unable to find work within his limitations until September 29, 1995 at which time he began working at Down East Garment Company.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has proven that he suffers from a disabling bilateral hand condition due to the manner that he had to repetitively and strenuously use his hands in the course of his regular weekend warp dolfer's job, which (injury or condition) was characteristic of and peculiar to his employment, but excluded all ordinary diseases of life to which the public is equally exposed outside of that employment. N.C.G.S. §97-53(13).
2. Plaintiff is entitled to temporary total disability benefits from April 25, 1995 to September 29, 1995 at a rate of $143.19 per week. N.C.G.S. § 97-29.
3. Plaintiff's employment as a warp dolfer was a significant contributing factor in the development of the bilateral hand problems giving rise hereto and placed him at an increased risk thereof as compared to members of the general public and other employments at large. The bilateral carpal tunnel syndrome that plaintiff does suffer is one that requires active medical treatment.
Plaintiff's testimony and other evidence, lay and medical, established that he suffers from a compensable occupational disease entitling him to medical compensation benefits. N.C.G.S. § 97-25.
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and is hereby GRANTED.
2. Defendant shall pay plaintiff temporary total disability benefits from April 25, 1995 to September 29, 1995 at a rate of $143.19 per week.
3. Defendant shall pay all plaintiff's medical bills as they relate to plaintiff's bilateral carpal tunnel syndrome.
4. Plaintiff's counsel is entitled to receive 25% of the compensation awarded plaintiff as attorney's fees. Said fee shall be paid directly to plaintiff's counsel.
5. Defendant shall bear the cost. Defendant is also responsible for the $250 expert witness fee previously awarded to Dr. Edwards for his deposition testimony to the extent the same has not already been paid.
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/rst
4/24/97